Opinion issued June 5, 2008











In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00384-CR






MICHAEL IAN FIGART, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from County Criminal Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 1430260




 


MEMORANDUM OPINION

 Appellant, Michael Ian Figart, pleaded guilty to criminal mischief . See Tex.
Penal Code Ann. § 28.03(b)(2) (Vernon Supp. 2007) (Class B misdemeanor if
amount of pecuniary loss is $50 or more but less than $500). Appellant also pleaded
true to a prior misdemeanor conviction for theft. The jury assessed punishment at
confinement for 180 days and a $2,000 fine, and the trial court probated the $2,000
fine. 

 In a single issue, appellant challenges the State's closing argument on
punishment. Because appellant does not dispute the facts concerning the offense, we
do not address them in this memorandum opinion. We affirm.

 On appeal, appellant complains of three instances of alleged improper jury
argument. At the beginning of the State's jury argument, the prosecutor stated:

 Before I tell you why this case merits 180 days in jail, I'll talk to
you about the charge that you're going to receive. Now, I want you to
keep in mind in Harris County, you get credit. It's two-for-one. So he'll
only do three months. And probation is not appropriate in this case.

At the end of the State's initial jury argument, the prosecutor said, "I just wanted to
go over the charge with you before you get up and hear me tell you exactly why it's
important that he spend the next three months in jail." Appellant did not object to
either statement by the prosecutor, but instead proceeded with his own jury argument.

 Although not specifically complained about in appellant's brief, the prosecutor
mentioned the following during closing jury argument: "This is a kid that's been
accused of murder and convicted of theft. He absolutely deserves to spend the next
three months in jail." Appellant then objected stating, "Judge, this assumes facts not
in evidence. We sat through it the first time, but the prosecutor is giving them --
about the two-for one credit, that's not in evidence and it's not admissible for the jury
to consider." After the trial court overruled appellant's objection, the prosecutor
made the third argument of which appellant complains, "He absolutely deserves 180
days in jail. He'll spend the next three months in jail . . . ."

 Appellant did not object to the prosecutor's two-for-one credit argument when
it was made for the first and only time at the beginning of the State's opening jury
argument. Any error is, therefore, waived. See Tex. R. App. P. 33.1(a). Appellant
specifically objected to the prosecutor's statement in closing, "He absolutely deserves
to spend the next three months in jail," claiming the statement assumed facts not in
evidence. There is nothing in that closing statement which mentions the two-for-one
credit, so appellant's objection that it assumed facts not in evidence is without merit. 
Instead, the closing argument merely asked the jury to assess punishment within the
proper range of punishment.

 Appellant is attempting on appeal to challenge the prosecutor's initial
two-for-one credit argument, to which there was no timely objection. We hold the
trial court properly overruled appellant's objection made during the rebuttal portion
of the State's closing argument, and we overrule appellant's sole issue on appeal.

 We affirm the judgment of conviction.

 


 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Alcala, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).